# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KYLE ELIKER,

    *Plaintiff,*

vs.

NELNET,

    *Defendant.*

Case No. 17-01208-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff Kyle Eliker filed an action against Nelnet, Inc., for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Fair Trade Commission Act ("FTC Act"). Eliker alleges damages of $1,200,000.00. Nelnet moved to dismiss Eliker's claims. For reasons explained below, the Court grants Nelnet's Motion to Dismiss (Doc. 5).

### I.    Factual and Procedural Background[1]

Eliker is a consumer and Nelnet is a Nebraska corporation with its principal place of business located in Lincoln, Nebraska. Eliker filed a complaint against Nelnet with the Sedgwick County District Court of Kansas on July 14, 2017. Eliker alleges that Nelnet is a debt collector and that Nelnet violated the FDCPA, the FCRA, and the FTC Act. Eliker alleges that he sent

---

[1] The facts are taken from Plaintiffs' Complaint (Doc. 1-1) and are accepted as true for the purposes of this order.

notice to Nelnet on August 7, September 6, and October 7, 2016, requesting verification of a debt and that Nelnet failed to respond. Eliker did not describe the nature of the debt or the communications from Nelnet in the complaint. Eliker further alleges that Nelnet:

> attempted to pass fraudulent and misleading documentation in an attempt to verify/validate the alleged debt . . . negligently and/or recklessly hired, supervised, trained or selected its employees and/or debt collectors who dealt [with] Plaintiff . . . knowingly allowed its employees and/or agents to violate state and federal laws; using aggressive, intimidating and abusive techniques when dealing with Plaintiff . . . publicized false information about the alleged money owed it by Plaintiff . . . maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, FTC Act and state laws . . . engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account . . . [and] proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages.

Nelnet removed the case to the U.S. District Court for the District of Kansas on August 15, 2017, and filed its Motion to Dismiss Eliker's claims on August 21, 2017.

## II.   Legal Standard

### A.   Standard of Dismissal Under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss a claim for which a plaintiff "fails to state a claim upon which relief can be granted."[2] A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.' "[3] A claim is facially plausible if the court can reasonably infer the defendant is liable from the facts pleaded.[4] The plausibility standard reflects the Rule 8 requirement that pleadings must provide defendants with

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Id.* (citing *Twombly*, 550 U.S. at 556).

fair notice of the claims, as well as the grounds upon which the claims rest.[5] The Court accepts all factual allegations in the complaint as true and views them in a light most favorable to the plaintiff.[6] The Court, however, does not apply the same standard to conclusory allegations or legal conclusions.[7]

## B.    Pleading Standard for a Pro Se Litigant

A pro se plaintiff's pleadings are to be "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8]  This rule means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9]  It is not, however, the "proper function of the district court to assume the role of advocate for the pro se litigant."[10]

### III.    Analysis

### A.    Nelnet's Motion to Dismiss Eliker's Claim under the Fair Debt Collection Practices Act

Nelnet first moves to dismiss Eliker's claim under the FDCPA.  To establish a violation of the FDCPA:

> Plaintiff must show that (1) she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt at issue arises out of a transaction entered into primarily

---

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1246–47 (10th Cir. 2008).

[6] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id.*

[10] *Id.*

> for personal, family, or household purposes; (3) Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) Defendant, through its acts or omissions, violated a provision of the FDCPA.[11]

Eliker's complaint does not meet these requirements. First, although Eliker alleges that he is a "consumer" under 15 U.S.C. § 1692a(3) and that Nelnet is a "debt collector" under 15 U.S.C. § 1692(a)(6), he provides no factual basis for his claim.

Eliker alleges only that Nelnet "regularly attempts to collect debts alleged to be due [to] another," that Eliker "sent notice, requesting verification/validation of debt" on August 7, September 6, and October 7, 2016, and that Nelnet failed to respond to those requests. Eliker provides no information about the nature of the debt or the correspondence from Nelnet. Eliker recited various statutorily defined violations of the FDCPA, but failed to provide any factual support for his claim that Nelnet violated those provisions of the Act. Although Eliker also stated that Nelnet "maliciously, willfully, recklessly, wantonly and/or negligently ignore[d] and refuse[d] to follow the requirements of the FDCPA," Eliker again provided no factual basis for this claim.

While the Court must accept all factual allegations in the complaint as true,[12] the same does not apply to conclusory allegations or legal conclusions.[13] Because Eliker's complaint provided only conclusory allegations and legal conclusions that could not give Nelnet fair notice of the claims against it, Eliker's claim under the Fair Debt Collection Practices Act fails and Nelnet's motion to dismiss this claim is granted.

---

[11] *Yang v. Midland Credit Mgmt. Inc.*, 2016 WL 393726, at *1 (D. Kan. 2016) (citing *Deporter v. Credit Bureau of Carbon Cty.*, 2015 WL 1932336, at *3 (D. Colo. 2015)).

[12] *Ridge at Red Hawk*, 493 F.3d at 1177.

[13] *Iqbal*, 556 U.S. at 678–79.

**B.      Nelnet's Motion to Dismiss Eliker's Claim under the Fair Credit Reporting Act**

Next, Nelnet moves to dismiss Eliker's claim under the FCRA.  Eliker first claims that Nelnet "failed to give prompt or any notice of the debt being disputed" in violation of 15 U.S.C. § 1681i(a)(2).  Not only does this portion of the FCRA apply to consumer reporting agencies, rather than debt collectors,[14] but Eliker also fails to provide a factual basis to support this claim.  Second, Eliker argues that Nelnet "consistently and continually failed to fulfill their duties described in . . . 15 U.S.C. § 1681s-2."  While Eliker does not specify which portion of § 1681s-2 Nelnet allegedly violated, § 1681s-2(a) does not allow for a private right of action,[15] so the Court will assume Eliker alleges a violation under § 1681s-2(b).  This claim also fails because Eliker failed to cite any specific violation of a provision of § 1681s-2(b) or to provide any factual basis for his claim.  Because the Court cannot reasonably infer that Nelnet is liable from the facts pleaded, Nelnet's motion to dismiss this claim is granted.

**C.      Nelnet's Motion to Dismiss Eliker's Claim under the Federal Trade Commission Act**

Finally, Nelnet moves to dismiss Eliker's claim under the FTC Act.  Eliker alleges that Nelnet engaged in unfair methods of competition in violation of 15 U.S.C. § 45(a) by "attempting to compel an erroneous response from the Plaintiff by providing false and/or insufficient information" and by using "aggressive, argumentative and combative behavior when communicating on phone calls with Plaintiff."  Because the Act does not allow for private causes of action for violations of § 45(a),[16] the motion to dismiss this claim is granted.

---

[14] 15 U.S.C. § 1681i(a)(2).

[15] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009) (unpublished).

[16] *Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992); *see also* 15 U.S.C. § 45(b).

### IV.     Conclusion

Because Eliker failed to provide a sufficient factual basis to support his claims under the FDCPA and the FCRA, these claims are dismissed.  Further, because there is no private right of action for violations of 15 U.S.C. § 45(a), this claim is also dismissed.

Finally, Eliker's complaint contains a section titled "Cause of Action" in which he makes various statements regarding Nelnet's alleged wrongdoing.  To the extent that Eliker intended to assert causes of action beyond his FDCPA, FCRA, and FTC Act claims, those claims also fail to meet the pleading standard required by *Iqbal* and *Twombly* and cannot survive the pleading stage.

**IT IS THEREFORE ORDERED** that Nelnet's Motion to Dismiss (Doc. 5) is **GRANTED**.  The case is thereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 30th day of March, 2018.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE